UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X      **VERIFIED ANSWER**

WINDWARD BORA LLC,

      Plaintiff,      **Case No.:  7:22-cv-04743 VB**

      v.

JOSHUA LUNGEN, STERLING NATIONAL
BANK F/K/A PROVIDENT BANK,

      Defendants.
-----------------------------------------------------x

Defendant Joshua Lungen, (the "defendant")  by his attorney, Michael A. Koplen, Esq., as and for his answer to the complaint, respectfully avers:

1. With regard to the following paragraphs of the complaint, the defendant lacks sufficient information or knowledge upon which to form a belief and therefore leaves the Plaintiff to its proof:  1, 2, 4, 5, 6, 7, 10,  and 11.

2. Defendant denies the following paragraphs of the complaint:  3, 5, 6, 8, 9, 12, 13, 14, 15, 16, 17, 18, 19, 20,  21 and 22, except that Defendant admits that he is a resident of the subject real property located at 10 Inverness Drive, New City, New York 10956.

### AFFIRMATIVE DEFENSES: STATEMENT OF FACTS

3. Plaintiff is regulated by 42 U.S.C. 3605(a) of the Fair Housing Act.

4. Plaintiff is regulated by 15 U.S.C. 1691 of the Consumer Credit Protection Act.

5. Plaintiff is regulated by 12 C.F.R. 202.4 and 202.6 of the Equal Credit Opportunity Act.

6. Plaintiff is regulated by 12 C.F.R. 203.4 of the Home Mortgage Disclosure Act.

7. Plaintiff is responsible and liable herein for all the actions of its alleged predecessors in interest; the owner of the subject mortgage loan, and the servicer/agent of same.

8. The lender/servicer failed, refused, and/or neglected to conform to the loan terms or to the applicable default loan servicing obligations that apply specifically to the subject mortgage loan.

9. As a result, the Defendant was not provided with the specialized assistance and default loan servicing that the lender/servicer was obligated to provide that comported with the Defendant's ability to pay and that served to assist Defendant in his efforts to avoid default and the acceleration of the subject mortgage debt and foreclosure.

10. The Defendant is eligible for loss mitigation programs available, and Defendant has not been evaluated for any such programs.   Compliance with loss mitigation is a condition precedent to foreclosure in the State of New York, and failure by the Plaintiff to comply with certain loss mitigation options may give rise to equitable defenses in this action.

**AFFIRMATIVE DEFENSE:  LACK OF STANDING AND FAILURE TO STATE CAUSE OF ACTION**

11.  The Plaintiff's complaint alleges that the mortgage was assigned to Plaintiff by virtue of recorded assignment of mortgage.

12. However, the Plaintiff has not provided  an alleged record of assignment which raises serious questions of credibility, namely that the same  person purporting to sign for two separate assignors, Sterling National Bank and Gitsit Solutions  is named Duy Ho,  and the person who notarized both purported assignments is also the same notary, Adriana Aguirre, though the two assignments, from two different entities are dated December 8,

2021 and January 19, 2022, approximately six weeks later.   This raises issues of credibility and authenticity with respect to the assignments.

13. Defendant also denies that Plaintiff has complied with all the provisions of Banking Law section five hundred ninety-five A of the banking law, section six-1, or six-m of the Banking Law and RPAPL section thirteen hundred four of the same article.  Defendant is not in receipt of any pre-foreclosure notices allegedly attached to Plaintiff's complaint.

### AFFIRMATIVE DEFENSE:  THE COMPLAINT IS DEFICIENT BECAUSE IT THE PLAINTIFF FAILED TO COMPLY WITH CONDITIONS PRECEDENT AND SECTIONS OF THE REAL PROPERTY  ACTIONS AND PROCEEDINGS LAW

14.  Defendant did not receive the ninety (90) day pre-foreclosure notice required pursuant to Section 1304 of the RPAPL, prior to the commencement of the instant foreclosure action, and while  such notice is attached to the Plaintiff's complaint as an exhibit, it is merely a general form, unsigned.  Also, the alleged certified mail receipt is unsigned.

**WHEREFORE** Defendant requests that the Plaintiff's Complaint be dismissed and that the relief requested by the Defendant be granted and for any other additional relief which to the Court may appear just and proper.

Dated:  New City, New York
July 19, 2022

                                                      s/<u>Michael A. Koplen</u>
                                                      Michael A. Koplen, Esq.
                                                      Attorney for Defendant Joshua Lungen

                                                      14 South Main Street
                                                      New City, New York 10956
                                                      845-623-7070

Atty@KoplenLawFirm.com

VERIFICATION

I HAVE READ THE FOREGOING ANSWER AND THE SAME IS TRUE TO MY OWN KNOWLEDGE EXCEPT AS TO MATTERS STATED TO BE UPON INFORMATION AND BELIEF AND AS TO THOSE MATTERS I BELIEVE THEM TO BE TRUE.

Dated:  New City, New York
        July 19, 2022

                                            s/ Joshua Lungen
                                            Joshua Lungen