# MARGOLIN, WEINREB & NIERER, LLP

C. LANCE MARGOLIN, ESQ.     ALAN WEINREB, ESQ.     CYNTHIA A. NIERER, ESQ.

February 16, 2023

*Via ECF*
Honorable Magistrate Judge Judith C. McCarthy
United States District Court—S.D.N.Y.
300 Quarropas Street
White Plains, NY 10601

RE:     <u>Windward Bora LLC v. Joshua Lungen, et al., Civil Action No. 7:22-cv-04743-VB-JCM</u>

Dear Magistrate Judge McCarthy:

    We represent Windward Bora LLC ("Plaintiff") in the above-referenced foreclosure action. Please accept this letter as a request for pre-motion conference before filing a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

    This is a residential mortgage foreclosure action in which Plaintiff is the owner and holder of a consolidated and restated promissory note ("Note") and Consolidated Mortgage ("Mortgage") executed by Defendant Joshua Lungen ("Defendant"). The mortgage is secured by a premises known as 10 Inverness Drive, New City, NY 10956. Plaintiff accelerated the entire amount of indebtedness and therefore, is seeking to foreclose the mortgage for Defendant's repeated failures to make the requisite monthly installment payments due thereunder. The documents attached to Plaintiff's Complaint establish that Plaintiff is the owner and holder of the Note and Mortgage executed by Defendant. *See,* Complaint at Docket No. 1 (Mortgage, Note with allonges and Assignments of Mortgage).

    Default and pre-foreclosure notices, which were also attached to Plaintiff's Complaint, establish that Defendant defaulted on the required monthly payments. Therefore, Plaintiff has a presumptive right to foreclose the Mortgage. Indeed, Defendant has not alleged any facts in his Answer (hereinafter the "Answer") to defeat this right. *See* Defendant's Answer at Docket No. 9.

The undisputed facts are as follows:
1) On or about January 2, 2007, Joshua Lungen executed and delivered a consolidated and restated Note to Provident Bank in the amount of $250,000.00 with interest as provided therein;

2) On January 2, 2007, Defendant executed and delivered a Consolidated Mortgage to Provident Bank, mortgaging Defendant's property located at 10 Inverness Drive, New City, NY 10956, to secure Defendant's obligations under the Note;

WE ARE A DEBT COLLECTOR AND ARE ATTEMPTING TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

165 EILEEN WAY, SUITE 101     SYOSSET, NEW YORK 11791     T. (516) 921-3838     F. (516) 921-3824     WWW.NYFCLAW.COM

3) Through a series of Note allonges and Assignments of Mortgage, the Plaintiff became the owner and holder of the Note and Mortgage;

4) Defendant defaulted under the terms of the Note and Mortgage by failing to make the monthly installment payment due in July 2016 and failed to make any subsequent payments;

5) Defendant failed to cure the default and on March 1, 2022, the 30-day notice to cure and 90-day pre-foreclosure notice were sent to Defendant by certified mail and regular mail; and

6) Defendant has failed to make any subsequent monthly installment payment since the default.

Additionally, it is undisputed that the terms of the Note and Mortgage expressly authorize Plaintiff to accelerate the entire unpaid principal balance due along with interest and certain other fees, and to foreclose the Mortgage in the event Defendant defaults on making the monthly installment payments.

Therefore, Plaintiff has a presumptive right to judgment as a matter of law on its foreclosure claim. In the Second Circuit, a plaintiff—mortgagee has a presumptive right to judgment as a matter of law where "the Note and Mortgage are produced to the Court along with proof that the Mortgagor has failed to make payments due under the Note." *See Greystone Bank v. Skylin Woods Realty, LLC et al.,* 817 F. Supp. 2d 57 (Sept. 15, 2011) (quoting *Bank of Am., Nat'l Assoc. v. Cammack Props., LLC,* 2010 U.S. Dist. LEXIS 136305, 2010 WL 5139219, at *4 (E.D.N.Y. 2010); *United States v. Acomb,* 2000 U.S. App. LEXIS 15797, 4-5 (2d Cir. N.Y. June 29, 2000) (granting summary judgment where the government "amply documented the transactions at issue as well as the [mortgagor's] default on the loans"). Here, Plaintiff has produced the Note, Mortgage, and the default notices, thereby establishing its presumptive right to judgment as a matter of law.

To defeat a mortgagee's presumptive right to summary judgment upon production of the subject note, mortgage, assignments and default notices, the mortgagor must present an affirmative defense, supported by admissible evidence, "sufficient to require a trial (of that defense) . . . mere conclusions, expressions of hope, unsubstantiated allegations or assertions are insufficient." *See Resolution Trust Co. v. JI. Sopher &* Co., *Inc.,* 94 Civ. 7189, 1995 U.S. Dist. LEXIS 11628, at *7 (S.D.N.Y. Aug, 11, 1995). Defendant's general denials and boilerplate affirmative defenses are insufficient as a matter of law to defeat Plaintiff's presumptive right to foreclose.

Therefore, Plaintiff requests permission to file a Motion for Summary Judgment and respectfully requests a pre-motion conference to be held at the Court's convenience. We thank the Court for its review of our request.

                                              Respectfully Submitted,

                            By:    */s/Alan H. Weinreb*
                                       Alan H. Weinreb, Esq.

cc:     Michael A. Koplen, Esq., attorney for Defendant (via ECF)