KOPLEN LAW FIRM
14 South Main Street
New City, New York 10956
845-623-7070

---------------------------------------------------------------------------------------------------

February 16, 2023

<u>Via ECF</u>
Honorable Magistrate Judge Judith C. McCarthy
United States District Court—S.D.N.Y.
300 Quarropas Street
White Plains, NY 10601

RE: <u>Windward Bora LLC v. Joshua Lungen, et al., Civil Action No. 7:22-cv-04743-VB-JCM</u>

Dear Magistrate Judge McCarthy:

  This office represents defendant Joshua Lungen. We submit this letter in connection with the plaintiff's pre-motion letter for summary judgment. We respectfully submit that Plaintiff's letter omits certain facts which, in defendant's view, would compel summary judgment dismissing the complaint.

  More specifically, on July 27, 2016, plaintiff's assignor, Sterling National Bank f/k/a Provident Bank commenced an action in Supreme Court, Rockland County, to foreclose the same mortgage, under index number 033038/2016, in which the balance was accelerated as of September 6, 2013, as set forth in paragraph 13 of the complaint. That action was dismissed on January 30, 2019, for lack of personal service. A copy of that order is enclosed. No appeal was taken from that order.

  There is no question, then, that the action now pending before this Court, having been brought more than six years following that acceleration, is barred by the Statute of Limitations. As provided in the recently enacted Foreclosure Abuse Prevention Act, signed by the Governor on December 30, 2022. L. 2022, c. 821, once the balance was accelerated, as it was here, the acceleration cannot be tolled or rescinded. See CPLR 203(h) as recently amended by the Act.

Upon an acceleration of the mortgage debt, the statute of limitations begins to run on the entire debt, even if it is payable in installments. The dismissal by the court of a foreclosure action does not constitute an affirmative act of the mortgagee sufficient to revoke an acceleration, so the statute of limitations continues to run and bars a second foreclosure action.  See *EMC Mortgage Corp. v. Patella*, 279 A.D.2d 604, 720 N.Y.S.2d 161 (2d Dep't 2001); 35 N.Y.Prac., Mortgage Liens in New York § 18:2 (2d. ed.).

"It is well settled that an assignee of a mortgage takes it subject to the equities attending the original transaction. If the mortgagee cannot himself enforce it the assignee has no greater rights. The true test is to inquire what can the mortgagee do by way of enforcement of it against the property mortgaged; what he can do the assignee can do, and no more." *Trustees of Union College v. Wheeler*, 61 N.Y. 88, 104-105 (1874); see *Deutsche Bank Trust Co. Ams. v. Vitellas*, 131 A.D.3d 52, 63 (2d Dept. 2015).

In short, this action is time-barred by the six-year statute of limitations of CPLR 213(4). See, e.g., *Clayton Nat., Inc. v. Guldi*, 307 A.D.2d 982, 763 N.Y.S.2d 493, 493-94 (2d Dept. 2003) ("the dismissal of the 1992 action for lack of personal jurisdiction did not constitute an affirmative act by the lender to revoke its election to accelerate."); see also *Fed. Nat'l Mtge. Ass'n v. Woolstone*, 196 A.D.3d 548, 549, 147 N.Y.S.3d 458, 459 (2d Dep't 2021); *HSBC Bank United States, N.A. v. Hochstrasser*, 193 A.D.3d 915, 917, 147 N.Y.S.3d 600, 602 (2d Dep't  2021).

Admittedly, the answer does not specifically allege a statute of limitations defense. No matter. To be sure, a defendant must set forth affirmative defenses in the answer to the complaint, including a statute of limitations defense, see Fed. R. Civ. P. 8(c)(1), but where a party has omitted an affirmative defense in the answer, a defendant may seek the court's leave to amend her answer to include the affirmative defense, which "[t]he court should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith."  *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010).

There is no operative prejudice here. Amendment may be prejudicial when, among other things, it would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial" or "significantly delay the resolution of the dispute." *Id*.
 at 725-726. There is no such prejudice here. See *Islam v. Dr. Melisa*, 2020 U.S.

Dist. LEXIS 51885, *15, 2020 WL 1452463 (E.D.N.Y. March 24, 2020) ("Granting the Transit Defendants' motion would not prejudice Islam: the parties have expended no time or effort on discovery to date; the disposition of the case will not be delayed if the Transit Defendants' motion is granted, and may even be hastened by the application of a legitimate defense; and Islam has not shown that he could have brought his claims in another forum if the Transit Defendants had raised the statute of limitations earlier.")

More important, "[C]ourts in this circuit may consider the merits of an affirmative defense raised for the first time in a summary-judgment motion so long as the plaintiff has had an opportunity to respond." *Kelly v. A1 Tech.*, 2010 U.S. Dist. LEXIS 37807, 2010 WL 1541585, at *17 (S.D.N.Y. Apr. 12, 2010) (punctuation omitted); accord *Curry v. City of Syracuse*, 316 F.3d 324, 330-31 (2d Cir. 2003) (permitting consideration of collateral estoppel defense raised for first time in reply memorandum of summary judgment briefing, where district court had given plaintiff leave to file sur-reply); see also *In re Livent, Inc. Noteholders Sec. Litig.*, 355 F. Supp. 2d 722, 727 (S.D.N.Y. 2005) ("[i]t is well established . . . that an affirmative defense may be asserted even at summary judgment where the party opposing the affirmative defense has the opportunity to respond effectively to that defense, and has otherwise suffered no prejudice as a result of its late pleading."); *Basso v. New York Univ.*, 2020 U.S. Dist. LEXIS 223211, *30, 2020 WL 7027589 (S.D.N.Y. November 30, 2020) (applying rule to allow statute of limitations defense to be considered in opposition to summary judgment).

In sum, the defendant respectfully submits that this action is barred by the applicable Statute of Limitations pursuant to recent legislation, namely the 2022 Foreclosure Abuse Prevention Act. The defendant believes he has grounds for a summary judgment motion in his favor.

Thank you.

                                      Very truly yours,
                                      s/ *Michael A Koplen*
                                      Michael A. Koplen
                                      Attorney for Defendant Joshua Lungen