UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
WINDWARD BORA LLC,

               Plaintiff,

v.

JOSHUA LUNGEN, STERLING NATIONAL
BANK f/k/a PROVIDENT BANK,

               Defendants.
--------------------------------------------------------------x

**ORDER ADOPTING REPORT AND RECOMENDATION**

22 CV 4743 (VB)

Before the Court is Magistrate Judge Judith C. McCarthy's Report and Recommendation, dated August 29, 2023 (Doc. #52 (the "R&R")), on plaintiff's motion for summary judgment in this mortgage foreclosure action. (Doc. #44).

In the R&R, Magistrate Judge McCarthy concluded plaintiff had established its prima facie case and defendant Joshua Lungen, who opposed the motion, had failed to raise a genuine issue as to any material fact. (See R&R at 8).[1]

Lungen filed timely objections to the R&R. (Doc. #53 (the "Objection")).

For the following reasons, the Court OVERRULES the Objection and adopts the R&R as the opinion of the Court. Accordingly, plaintiff's motion for summary judgment is GRANTED.

The parties' familiarity with the factual and procedural background of this case is presumed.

---

[1] Plaintiff sued a second defendant, Sterling National Bank f/k/a Provident Bank ("Sterling"), which plaintiff alleges is a subordinate judgment lien creditor. (Doc. #1 ¶ 4). Although plaintiff docketed proof of service on Sterling (Doc. #11), Sterling has never appeared or participated in this action. Accordingly, the Clerk of Court entered a certificate of default as to Sterling on August 23, 2022. (Doc. #17).

**DISCUSSION**

I.     Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  Parties may raise objections to the magistrate judge's report and recommendation, but the objections must be "specific[,] written," and submitted within fourteen days after service of the recommended disposition, Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail, see Fed. R. Civ. P. 6(d).

Insofar as a report and recommendation addresses a dispositive motion, a district court must conduct a de novo review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C).  The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. Lewis v. Zon, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).  The clearly erroneous standard also applies when a party makes only conclusory or general objections or only reiterates arguments already made. Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

II.    Analysis

In the Objection, Lungen rehashes his sole argument opposing the motion for summary judgment.  (See Docs. ##49, 50, 53).  Specifically, he argues this action is untimely because the balance due under the mortgage was accelerated on September 6, 2013, and therefore, this action—filed on June 7, 2022—commenced after the statute of limitations for foreclosure actions in Section 213(4) of the New York Civil Practice Law and Rules ("CPLR") had expired.

The Court disagrees.

CPLR Section 213(4) prescribes a six-year statute of limitations for an action upon a mortgage of real property. "[I]f a mortgage is payable in installments, once [the] mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt." BHMPW Funding, LLC v. Lloyd-Lewis, 194 A.D.3d 780, 782 (2d Dep't 2021).[2] Acceleration occurs "when the holder of the note commences an action to foreclose upon the note and mortgage and seeks, in the complaint, payment of the full balance due." Id. Acceleration may also occur upon "notice transmitted to the borrower by the creditor or the creditor's servicer." Mejias v. Wells Fargo N.A., 186 A.D.3d 472, 474 (2d Dep't 2020).

Here, the parties do not dispute that plaintiff's assignor, Sterling, commenced an action to foreclose the mortgage at issue on July 27, 2016 (the "State Court Action"). (Objection at 1). However, Lungen argues the magistrate judge incorrectly determined the mortgage balance was accelerated on this date. Instead, according to Lungen, the debt was accelerated on September 6, 2013, because paragraphs 13 and 16 of the complaint in the State Court Action say so. (Id.)

Lungen is incorrect. Paragraph 13 of the complaint in the State Court Action alleges that Lungen "has defaulted in the payments due under" the mortgage "since November 25, 2013; and as of the date of this complaint, there is due and owing . . . the principal sum of **$251,312.40** plus interest from September 6, 2013." (Doc. #50-1 (the "State Court Complaint") at ECF 4). Thus, paragraph 13 alleges interest has been accruing since September 6, 2013; it does not allege, as Lungen argues, the outstanding balance under the mortgage was accelerated on September 6, 2013.

---

[2]   Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

3

Likewise, paragraph 16 of the State Court Complaint alleges Sterling "elected to and did declare the entire balance [under the mortgage] . . . . due and payable by reason of the default of [Lungen]."  (State Court Complaint at ECF 4).  Paragraph 16 makes no reference to September 6, 2013, or any action by Sterling to accelerate the debt on that date.

Although the State Court Complaint is dated February 29, 2016 (State Court Complaint at ECF 7), it was undisputedly filed on July 27, 2016, and Lungen offers no evidence suggesting Sterling sent him a notice of acceleration on February 29, 2016, or at any time prior to July 27, 2016.

Accordingly, the Court agrees with Magistrate Judge McCarthy that Lungen has failed to raise a triable issue that his debt under the mortgage was accelerated prior to July 27, 2016, when Sterling commenced the State Court Action.

Because this action was commenced on June 7, 2022, which is less than six years after July 27, 2016, and because the State Court Action sought payment of the full amount borrowed (see State Court Complaint at ECF 4), this action to recover the entire debt is timely.  See BHMPW Funding, LLC v. Lloyd-Lewis, 194 A.D.3d at 782–83.

Accordingly, the Objection must be overruled.

## CONCLUSION

Having carefully reviewed Magistrate Judge McCarthy's thorough and well-reasoned R&R, the Objection, and the underlying record de novo with respect to any proper objection, the Court finds no error, clear or otherwise, in the R&R.  Accordingly, the Objection is OVERRULED, the R&R is adopted in its entirety as the opinion of the Court, and plaintiff's motion for summary judgment is GRANTED.

By January 2, 2024, in accordance with Local Civil Rule 77.1, plaintiff shall submit a proposed judgment as to defendant Joshua Lungen.

Also by January 2, 2024, plaintiff shall advise the Court how it wishes to proceed as to defendant Sterling National Bank.

The Clerk is instructed to terminate the pending motion.  (Doc. #44).

Dated:  December 11, 2023
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge